FILED
MAY 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

V.

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

Case: 1:07-cv-00969
Assigned To : Penn, John Garrett
Assign. Date : 5/24/2007
Description: Employment Discrimination

COMPLAINT
CAUSE OF ACTION

As plaintiff Maria V. Carmona, I claim that defendant Henry M. Paulson, Jr., Secretary of the Treasury, his staff, and his predecessors and their staffs, have committed, and are being allowed to commit, along with other officials of the United States government, a long-term pattern of discrimination, retaliation, disparate treatment/impact, and a hostile/harassing work environment against me in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq*., based on my national origin (Hispanic); sex (female); age (D.O.B. October 8, 1952); and in reprisal for engaging in prior statutorily protected activity.

EEOC 29 C.F.R. 1614[1] provides, in part, that:

(a) It is the policy of the Government of the United States to provide equal opportunity in employment for all persons, to prohibit discrimination in employment because of race, color, religion, sex, national origin, age or handicap and to promote the full realization of equal employment opportunity through a continuing affirmative program in each agency.

(b) No person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act (title VII) (42 USC 2000e *et seq.*), the Age Discrimination in Employment Act (ADEA) (29 USC 621 *et seq.*), ...or for participating in any stage of administrative or judicial proceedings under those statutes.

I claim that the pattern and practice of failure by officials of the United States government, to include the Defendant and his staff and the Chairs of the EEOC and their staff, to comply with 29 C.F.R. 1614 and with EEO MD-110[2] during the processing of my administrative complaints has violated the terms and conditions of my employment.

I claim that officials of the United States government have exhibited a long-term pattern and practice of conspiring to oppress, threaten, and intimidate me out of my civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights, which states:

---

[1] Equal Employment Opportunity Commission (EEOC), *Federal Sector Equal Employment Opportunity, Final Rule,* at 29 C.F.R. 1614.

[2] EEOC, *Equal Employment Opportunity Management Directive,* EEO MD-110.

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, or Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same....
>
> They shall be fined under this title or imprisoned not more than ten years, or both....

I claim that officials of the United States government have exhibited a long-term pattern and practice of conspiring to oppress, threaten, and intimidate me out of my civil right to equal employment opportunity in violation of 18 U.S.C. § 241 (2002) Conspiracy Against Rights.

**STATEMENT OF THE CASE**

As plaintiff Maria V. Carmona, I first wish to state that I am not an attorney, that I am proceeding *pro se*, and that I have never been represented by an attorney in any of my nineteen administrative processes or six legal actions that I have been forced to file to date against the Defendant. The basis of jurisdiction for the court is U.S. Government Defendant, as noted on Form JS 44, Civil Cover Sheet.

I am a United States citizen, a Hispanic White Female, Age 54, GS-511-14, who has twenty-three years of consistently highly-rated service with the Treasury Office of Inspector General (OIG). I am in my thirty-first year of federal service.

I first joined the Treasury OIG as a Grade 7 auditor (GS-511-07) during March 1983, following attending classes at night and on weekends for several years to obtain a second bachelors degree, this time in business with a major in accounting, and shortly after becoming a Certified Public Accountant (CPA). Prior to joining Treasury OIG in 1983 I had risen to the Grade 10 in my federal career.

Despite my proven leadership skills, my consistently highly-rated performance appraisals, to include in the management category, my qualifications, and my proven extensive and varied technical and managerial experience with Treasury and its Bureaus beginning in 1983, I have not been permanently promoted beyond the Grade 14.

Since December 1995 I have been forced to file nineteen formal administrative equal employment opportunity (EEO) complaints against Defendant, i.e., the Secretary of the Treasury, currently Henry M. Paulson, Jr. This is the sixth civil action[3] I have been forced to file to date against Defendant.

The instant case addresses those separate and distinct claims, issues, and matters that I raised in my first formal EEO complaint against the Secretary of the Treasury, as filed on December 14, 1995,[4] during the twentieth year of my federal career.

EEOC Office of Federal Operations Director Carlton M. Hadden, issued a decision on February 27, 2007, P.Ex.[5] A, denying my request for reconsideration and informing me that I have no further right to administrative appeal and that I have the right to file a civil action.[6]

---

[3] 01cv0115 (CKK), 04cv0589 (JGP), 05cv1194 (JGP), 05cv2428 (JGP), a separate civil case filed today, i.e., my fifth civil action, on the denial of EEO complaint number TD-99-1119, and the instant case. I am filing two civil actions on this same date because the EEOC issued two final decisions at nearly the same time. I wish to note in these regards that it took the EEOC more than eight years from the date of filing to issue a final decision in TD-99-1119, and more than eleven years from the date of filing to issue a final decision in the instant case.

[4] I wish to note that it has taken more than eleven years since the filing of my formal EEO complaint, TD-96-1069, to complete the administrative processing of my complaint by Treasury and the EEOC.

[5] P.Ex. designates Plaintiff Exhibits.

[6] EEOC denial on Request No. 0520070262. There is evidence of conspiracy by officials at the EEOC in deciding in favor of Defendant even when Defendant offers no response in reply to my position. For example, in 01cv0115 (CKK), Defendant had filed no response to certain of my administrative appeals to the EEOC, which meant my appeals should have simply been upheld by the EEOC, yet the EEOC found for Defendant each time. The environment clearly shows that it has been futile and is futile for me to engage the administrative EEO process.

The following present a brief statement of the concerns giving rise to this civil action.[7]

1. The main triggering event in the instant case was a July 1995 forced reassignment that required me to perform work normally performed by employees at grade levels lower than the GS-14, my grade at the time, being closely supervised by lower-graded staff.

This forced reassignment was the culmination of a series of denied or blocked opportunities (see items 2-8 below) that I came to realize had been, and continue to be, part of the long-term pattern of discrimination, retaliation, disparate treatment/impact, and a hostile/harassing work environment against me.

2. Selection of non-minority males for GS-15 positions for which I made the best-qualified list.

Aug 91 Directors of Audit Program Groups

3. Transfers of non-minority staff to existing GS-15 positions for which I believe I would have been qualified, given the opportunity to apply.

Jan 92 Director of ADP Resources to Director, Office of Quality Assurance

Sep 92 Regional Inspector General for Audit from Northeast Region to Director, Audit Program Group

[7] As stated in my formal administrative EEO complaint, TD-96-1069, in each instance I have entered the approximate month and year when the events occurred, and the applicable titles, to the best of my recollection. These failure-to-promote actions, beginning as early as 1991, and disparate treatment have affected my entire career, damaging my opportunity to get promoted both within and outside the Treasury OIG.

4. Creation of GS-15 positions which were filled without announcement or competition, by the transfer of non-minority staff.

Jan 93 Non-minority female Special Assistant transferred to newly-created position of Deputy Assistant Inspector General for Policy, Planning, and Resources

Jun 95 Non-minority female from another organization brought in to newly-created position as Director, Evaluations and Inspections Team

5. Assignment of non-minority staff to prestigious details, without opportunity for staff to volunteer or present qualifications for selection.

Apr 93 One non-minority male and one non-minority female selected for Vice President Gore's National Performance Review

May 93 Non-minority male selected for the Treasury Reinvention Team (TRT). In Apr 94, OIG management, for the first time, requested volunteers for a subsequent TRT detail. After I volunteered, I was told that management changed its mind and would not be nominating anyone.

6. Non-selection for award.

Jul 94 Two non-minority males were selected for the Secretary's Award-Special Act-Group, after announcement at a Director's meeting that the group who worked on the IRS Buffalo Special Inquiry, of which I was a member, had been selected.

7. Non-selection for new GS-14 position.

Jul 95 Selection of non-minority male for the GS-14 position on the newly-formed Evaluations and Inspections Team, for which I requested to be considered

when the dissolution of the Office of Oversight, where I worked for more than four years, was announced.

8. Non-selection for participation in OIG Management Conference.

Sep 95 Exclusion from the OIG management conference held in Hunt Valley, MD, during the week of Sep 11. I may have been the only female GS-511-14 in the Washington, DC, area who was not invited to attend, even though there were work-related reasons for my presence.

I claim under Title VII that I am a member of a class(es) protected by the statute, i.e., national origin (Hispanic), sex (female); that I suffered adverse employment actions, i.e., with regards to the eight items briefly discussed above; [and] I was qualified for the positions at issue [but] … treated less favorably than others not in the protected class(es), i.e., candidates were selected who are not members of my protected class(es).[8]

I claim that I have succeeded in establishing *prima facie* cases under Title VII in accordance with the framework for analyzing Title VII claims established by the Supreme Court in *McDonnell Douglas Corp. v. Green* with regards to the eight items briefly discussed above.[9]

---

[8] In regards to disparate treatment/impact, Defendant has stipulated that he has never permanently promoted a Hispanic female in my career field beyond the Grade 14 within the Treasury OIG. Ref: 05cv1194 (JGP), *Answer* [#4], Pg. 5, Lines 106 to 109. I first joined the Treasury OIG during 1983.

[9] The Defendant has details supporting my claims within his personnel records, i.e., the Defendant knows who the individuals referred to are, their minority status and their ages at the time; the vacancy announcements, organizational transfers, and other opportunities involved; etc. The Defendant should provide this information as an act of good faith in these proceedings.

In 1989 I conducted a study at the request of my SES manager at the time, Jay Weinstein,[10] which turned out to be critical of Treasury OIG's recruitment, retention, and advancement of minority staff; also I had previously provided affidavits in EEO matters and spoken out for the rights of all Treasury OIG employees.

I claim that I have succeeded in establishing a *prima facie* case under Title VII with regards to retaliation for engaging in statutorily protected activities.

At the time of my forced reassignment in 1995, I was assigned to work for a Grade 15 director of an office who was younger than I was and who was under age 40 at the time; and I was required to report to and be closely supervised by a lower-graded staff member who was under age 40 at the time.

I claim that I have succeeded in establishing *prima facie* cases under ADEA.

I claim that officials of the United States government:

1) were and are fully aware of my Hispanic national origin, my sex, and my age, as these material facts have been a part of my official federal personnel records since 1976;
2) were and are fully aware of my qualifications for promotion, as is clearly evidenced in my consistently highly-rated performance appraisals, to include consistently high ratings in the management category, over my twenty-three year career with the Treasury OIG;

[10] I wish to note that it was Weinstein who used pretext and purposefully misrepresented my official Treasury OIG performance appraisals and positive written statements from my management regarding my work performance and working relationships, and did so specifically to justify denying me a merited promotion to the Grade 15 within the Treasury OIG in 1991.

3) were and are fully aware that I had engaged in statutorily protected activities;

4) were and are fully aware of highly-specific, relevant, and pertinent material factual evidence that I have placed on the administrative records in each of my nineteen formal EEO complaints in support of the claims, issues, and matters that I raise; and

5) were and are fully aware of highly-specific, relevant, and pertinent material factual evidence that I have placed on the records in each of my civil actions in support of the claims, issues, and matters that I raise.

**RELIEF REQUESTED**

I am demanding a jury trial. I am requesting an award of damages in the amount of $120,000,000.

Respectfully Submitted,

Maria V. Carmona

Maria V. Carmona, *pro se*
8306 Haven Hill Court
Laurel, Maryland 20723
(301) 490-4328



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Maria V. Carmona,
Complainant,

v.

Henry M. Paulson, Jr.,
Secretary,
Department of the Treasury,
Agency.

Request No. 0520070262

Appeal No. 0120055355

Hearing No. 100-2002-07594X

Agency No. 96-1069

DENIAL

Complainant timely requested reconsideration of the decision in *Maria V. Carmona v. Department of the Treasury*, EEOC Appeal No. 0120055355 (December 21, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120055355 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate

Plaintiff
Exhibit
A
Upon Initial Filing

United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden
Carlton M. Hadden, Director
Office of Federal Operations

FEB 27 2007
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Maria V. Carmona
P.O.B.454
Fulton, MD 20759

J.Steven Elbell
P.O.B.454
Fulton, MD 20759

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Ave., NW Rm: 8157D
Washington, DC 20220

FEB 27 2007
Date

Equal Opportunity Assistant

07-969 H JGP

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Maria V. Carmona
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Maria V. Carmona, Pro Se
8306 Haven Hill Court
Laurel, Maryland 20723
301-490-4328

**DEFENDANTS**

Henry M. Paulson, Jr.
Secretary of the Treasury
1500 Pennsylvania, N.W.
Washington, DC 20220

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

ATT

Case: 1:07-cv-00969
Assigned To : Penn, John Garrett
Assign. Date : 5/24/2007
Description: Employment Discrimination

**II BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

# IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Select **one** category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other) OR ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

(m)

| O G. Habeas Corpus/2255 | ● H. Employment Discrimination | O I. FOIA/PRIVACY ACT | O J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| **O K. Labor/ERISA (non-employment)** | **O L. Other Civil Rights (non-employment)** | **O M. Contract** | **O N. Three-Judge Court** |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN

⊙ 1 Original Proceeding | O 2 Removed from State Court | O 3 Remanded from Appellate Court | O 4 Reinstated or Reopened | O 5 Transferred from another district (specify) | O 6 Multi district Litigation | O 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violations of Title VII of the Civil Rights Act of 1964,as amended,Age Discrimination in Employment Act(ADEA) of 1967, and 18USC 241

VII. REQUESTED IN COMPLAINT — CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ — DEMAND $ 120,000,000 — Select YES only if demanded in complaint — JURY DEMAND: ☒ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See instruction) ☒ YES ☐ NO — If yes, please complete related case form.

DATE May 24, 2007 SIGNATURE OF ATTORNEY OF RECORD Maria V Carmona, pro se

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.